IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
MARCAP CORPORATION,              )
                                 )
                Plaintiff,       )
                                 )
    v.                           )    No.  07 C 2406
                                 )
NATIONAL MEDICAL IMAGING OF      )
REISTERSTOWN, L.P., et al.,      )
                                 )
                Defendants.      )
```

MEMORANDUM OPINION AND ORDER

After nearly a decade of increasingly sharp criticisms on the subject emanating from our Court of Appeals--ranging from Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) to Wise v. Wachovia Sec., LLC, 450 F.3d 265, 267 (7th Cir. 2006), with a good many intervening opinions delivering the selfsame message--it is well past time to hold federal practitioners (who should know better) responsible for their irresponsibility. And that proposition applies with at least equal force as to the individual defendant as well--as taught by Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998), quoting Guaranty Nat'l Title Co. v. J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996):

> Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

That makes two called strikes on plaintiff's counsel in a jurisdictional game in which even one strike is out. In accordance with this Court's unflagging obligation as described

in such cases as Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998), this action is dismissed for lack of subject matter jurisdiction (the absence of properly alleged diversity of citizenship).

_____
Milton I. Shadur
Senior United States District Judge

Date: May 2, 2007