```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

MARCAP CORPORATION,               )
                                  )
                Plaintiff,        )
                                  )
    v.                            )    No.  07 C 2406
                                  )
NATIONAL MEDICAL IMAGING OF       )
REISTERSTOWN, L.P., et al.,       )
                                  )
                Defendants.       )
```

## MEMORANDUM OPINION AND ORDER

Although this case is fully at issue as between MarCap Corporation ("MarCap") and National Medical Imaging of Reisterstown, L.P. ("National Medical"), MarCap has moved to dismiss the Counterclaim filed against it by National Medical's codefendant Maury Rosenberg ("Rosenberg"). That Counterclaim seeks to challenge MarCap's claim based on Rosenberg's Personal Guaranty ("Guaranty") of National Medical's obligations. With Rosenberg now having responded to the motion, it is ready for resolution in this opinion.

This Court is not a stranger to this area of the law. By sheer chance, even as this opinion is written this Court is preparing a dissent in a Court of Appeals case in another circuit, finding that the guarantor there continues to be liable on his guaranty even though other actions taken by the principal creditor had released the underlying obligor from any obligation owed to the creditor. But the lesson sought to be taught in that prospective dissent, and equally applicable here, is that such

matters are a function of the specific contractual language in the guaranty at issue.

One thing to which Rosenberg has paid no attention is that he is not really advancing a counterclaim in the usual sense, but rather a defense to MarCap's claim under the Guaranty. As a nonparty to the agreements at issue between MarCap and National Medical, he plainly lacks standing to pursue a claim of breach of contract of those agreements as such. And as to the Guaranty itself, he is saying nothing more than that he has no liability for the reasons set out in his purported Counterclaim--again a <u>defense</u> to MarCap's claim against him, not a true counterclaim. Accordingly MarCap's motion to dismiss the Counterclaim as such is granted.

That however merely shifts the ground of disposition to where it should have been posed if Rosenberg's counsel had instead properly labeled his client's position as a defense to liability rather than as a counterclaim. Hence this opinion will proceed to consider the matter in those terms.

On that score MarCap points to language of the type contained in every well-drafted guaranty: Guaranty §4(A)--one of the many aspects of the Guaranty that seek to impose strict liability on Rosenberg as guarantor--begins this way:

> Guarantor unconditionally and irrevocably waives each and every defense, which would otherwise impair, restrict, diminish or affect any of Guarantor's Liabilities.

2

Rosenberg counters by pointing to the definition of "Borrower's Liabilities"--the subject of his guaranty under Guaranty §3(A)--and to his assertion that Borrower's Liabilities never arose because of asserted misconduct engaged in by MarCap or its predecessor in interest. Here is Guaranty §2(A):

> A. "Borrower's Liabilities": shall mean, individually and collectively, all debts, liabilities, covenants, duties, obligations and agreements of any kind, nature or description whatsoever of Borrower [National Medical] to MedCap [MarCap's predecessor] evidenced by or incurred under Term Note A, Term Note B and the Security Agreement, now or hereafter made, incurred, evidenced or created, whether voluntary or involuntary, and however arising, whether due or not due, absolute or contingent, liquidated or unliquidated, determined or undetermined, direct or indirect, insured or uninsured or foreseeable or unforeseeable.

It is of course true that the earlier-quoted Guaranty §4(A) waiver language, as broadly phrased as it is, cannot be read in wholly literal fashion. To take the most obvious example, if there were no "Borrower's Liability" under Term Note B (which is the current subject of MarCap's claim against National Medical), there would be nothing to which Rosenberg's asserted liability as guarantor could attach. Consequently Rosenberg may legitimately advance a defense of fraud in the inducement as to Term Note B,[1]

---

[1] This is not comparable to the situation addressed by the Supreme Court in Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967). which required a separate showing of fraud in obtaining the underlying contract of which the agreement to arbitrate was a part. What has just been said in the text involves no question of a lack of standing on Rosenberg's part to challenge the enforceability of the Term Note, and of course there is no question that Rosenberg may attack the Guaranty, to

or fraud in the inducement as to the Guaranty itself.

What has just been held here may or may not support Rosenberg's other contention that an asserted breach on MarCap's part of its claimed obligations in conjunction with Term Note A would also provide Rosenberg with a viable defense to liability under the Guaranty. That question is more complex and need not be resolved for the present. In the meantime Rosenberg will be permitted to assert that as a potential defense, and just how it plays out will depend upon further developments in the litigation.

In summary, MarCap's motion to dismiss the purported Rosenberg "Counterclaims" is granted. Rosenberg may seek to amend his Answer to conform to this opinion via a motion (coupled with a notice of presentment) filed on or before September 7, 2007.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 27, 2007

---

which he is a direct party.

4